## Wysox Township Road.

*Road law—Township—Public officers—Act of April* 12, 1905, *P. L.* 142—*Constitutional law.*

1. The purpose of the Act of April 12, 1905, P. L. 142, was to make the name of the officers of all of the townships of the second class "supervisors" whatever may have been the name of the official exercising the function of the officers commonly known as the supervisors of highways in the various counties.

2. The Act of April 12, 1905, P. L. 142, sec. 14, is not a revival, amendment, extension, or conferring of the provisions of another act within the prohibition of sec. 6 of art. III of the constitution of Pennsylvania.

3. Under the Act of May 6, 1852, P. L. 622, the road supervisors in Bradford county have the right to lay out, change and vacate highways, and this right has not been abridged by the Act of April 12, 1905, P. L. 142.

Argued Nov. 15, 1909. Appeal, No. 215, Oct. T., 1909, by Guy C. Hollon, from order of C. P. Bradford Co., Feb. T., 1909, No. 27, dismissing certiorari In re Vacation of Wysox Township Road. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to certiorari.

The return to the certiorari showed proceedings had by the road supervisors of Wysox township vacating a public road, as follows:

"We, the undersigned Supervisors of Wysox Township, in pursuance to the within petition, after due notice to all parties interested, being duly sworn and qualified according to law, met upon the premises of the road proposed to be vacated, namely [description of road].

"That we find the said highway fully supplied by other existing open traveled highways, and that the said highway now proposed to be vacated has become absolutely useless, inconvenient and burdensome, and is no longer needed for public use whatever, and we do therefore unanimously vacate the same, the same being an entire road and all as shown by the plot or draft of the same made by Hiram E. Bull, County Surveyor, hereto attached and made a part of this report, this 11th day of November, 1908."

The exception filed was as follows: "That the Supervisors of Wysox Township had no power or authority to vacate the said public highway, and their action in the premises was illegal."

The court in an opinion by FANNING, P. J. dismissed the writ of certiorari.

*Error assigned* was the order of the court.

*J. C. Ingham,* for appellant.—The powers of commissioners of roads and highways, while including the duties of super-

visors under the act of 1905, were much broader in their scope and covered functions never yet intrusted to supervisors and entirely beyond the contemplation of the Act of April 12, 1905, P. L. 142.

The term "supervisor" as used in the act is to be given such construction, and is to include such powers and duties, as will best accord with the subject-matter of the act: Womelsdorf Alley, 8 Pa. C. C. Rep. 207; Small v. Small, 129 Pa. 366; Dryden v. Ry. Co., 208 Pa. 316.

The construction placed upon this act by the court below would make it unconstitutional: Dorsey's App., 72 Pa. 192; Com. v. Samuels, 163 Pa. 283; Hatfield v. Com., 120 Pa. 395; Road in Phœnixville, 109 Pa. 44; Com. v. Kebort, 212 Pa. 289.

*M. E. Lilley*, of *Lilley & Wilson*, for appellee.—In a proceeding in Bradford county, under our local road laws, since the passage of the Act of April 12, 1905, P. L. 142, the local laws were held by the lower court, to be still in force, and on appeal the Superior Court affirmed the judgment, although the question of the effect of the act of 1905 was not raised in the appellate court: In re Vacation of Farrell Road, 35 Pa. Superior Ct. 86; Elsbree v. Keller, 35 Pa. Superior Ct. 497.

OPINION BY HENDERSON, J., March 3, 1910:

That portion of the Act of April 13, 1843, P. L. 214, applicable to the several townships of the county of Erie, providing for the election of road commissioners therein and prescribing their duties was extended to Bradford county by the Act of April 5, 1844, P. L. 200. In addition to the duties of taking general charge and supervision of all the roads and bridges in ·each of the townships of the county the road commissioners were empowered to lay out and alter roads in their respective townships in the manner prescribed in the act. By the Act of May 6, 1852, P. L. 622, the road commissioners in the several townships of Bradford were given power and authority to change or vacate the whole or any part of any public road in the township excepting state roads which then had been or might thereafter be

opened by authority of law. The Act of April 12, 1905, P. L. 142, is a general statute providing for the election and appointment of road supervisors in the several townships of the second class and defining their duties, etc. The fourteenth section of the act provides that the road supervisors of the several townships elected or appointed in pursuance of the act shall perform all the duties imposed by the existing laws on supervisors of roads, bridges and highways and shall be subject to the same responsibilities and penalties that supervisors are now subject to except in so far as changed or supplied by the terms of this act. The appellant contends that the effect of this statute is to divide the duties theretofore performed by the commissioners of roads and highways in the several townships between these officers and the supervisors provided for in the act of 1905, as a result of which there would exist in the townships of the county a board of road supervisors and a board of commissioners of roads and highways. The object of the act of 1905 was evidently to secure uniformity in the name of the officers having charge of the roads and bridges in the respective townships and to define certain duties of such officials. That it was not intended to create a new office or to apply only to cases in which the officials of the townships having charge of the roads were named "supervisors" but was to include the officials of every township whose duties involved the care and control of the township highways is apparent in the first section of the statute. The officers are there declared to be "road supervisors," and the proviso relates to any township which now has three supervisors "or other officers having charge of roads elected under existing laws;" and in sec. 14 the road supervisors are invested with all the duties imposed by the existing laws on "supervisors of roads, bridges and highways." The language used in these provisions convinces us that the legislative purpose was to make the name of the officers of all of the townships of the second class "supervisors" whatever may have been the name of the official exercising the functions of the officers commonly known as the supervisors of highways in the various counties. There is little difference in the duties of supervisors under the

general Act of June 13, 1836, P. L. 551, and those of the commissioners of roads under the local law except that the last named officials were given the power to lay out and vacate roads, but this latter power existed in the case of the supervisors in some instances under the early legislation relating to roads and is not a duty inconsistent with the exercise of the functions of the office of supervisor. It may be in the judgment of many that the power to lay out and vacate is better vested in the court of quarter sessions, but it is an exercise of authority closely connected with the care and control of the township roads. As the first section of the act recognizes the existence of other officers than those named "supervisors" who have charge of roads and as other legislation on the subject of the management of roads discloses the same fact the conclusion is manifest that the use of the words "supervisors of roads, bridges and highways" in sec. 14 of the act was not made in a strict sense and with reference only to officers who were described by that particular name, but was intended to apply to all the officials in townships whatever their title might be who had the control and supervision of the township highways. The Act of May 24, 1887, P. L. 202, authorizing the road commissioners and other officers having in charge the opening, constructing and repairing of public roads, highways and bridges of any township of the commonwealth to purchase implements and materials shows the recognition by the legislature of the fact that the officers having the general duties of supervision in townships are variously named in the legislation creating the offices. This is further shown by the provision of the first section that where there are three supervisors or "other officers having charge of roads" elected under existing laws no new election under this section shall be required except as the term of said road officer expires. Here there is a clear reference to officers performing the same duties as supervisors but under another name. It is contended, however, that the act is in violation of sec. 6 of art. III of the constitution, which forbids that any law "be revived, amended or the provisions thereof extended or conferred by reference to its title only, but so much as is revived, amended, extended or

conferred shall be re-enacted and published at length." The reply to this is that sec. 14 of the act of 1905 is not a revival, amendment, extension or conferring of the provisions of another act within the prohibition of the section of the constitution referred to. It takes the officer as it finds him, changes his name, confers certain general powers and by sec. 14 leaves him to perform all the duties imposed by the existing laws on such officers in their respective townships. Local convenience or experience demanded an extent of power in the road supervisors of one county different from that in other counties, and it was apparently not the intention of the legislature to repeal laws or disturb the existing order except to the extent flowing from the adoption of inconsistent provisions in the act of 1905. The reasoning of the court in Lloyd v. Smith, 176 Pa. 213, supports this view. In that case there was a consideration of the effect of the Act of June 27, 1895, P. L. 403, creating the office of county controller in counties having 150,000 and conferring on the county controller the duties theretofore imposed upon county auditors by the Act of April 15, 1834, P. L. 537, and the conclusion was that it did not violate the constitutional provision on which the appellant relies. We are satisfied that the learned judge of the court below reached a correct conclusion.

The judgment is affirmed.