## Hillman Coal & Coke Co. *v.* Jenner Township et al., Appellants.

Argued March 18, 1930.   Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Frank R. Coder,* for appellants.—The court erred in
disregarding the evidence that this bond levy of one and
one-half mills was made on November 6, 1926, and in
finding that it was levied in 1929 along with the annual
road tax of ten mills.   There is nothing in the evidence
to sustain such finding or the decree of the court hold-
ing this one and one-half mill tax to be illegal.   Having
been made at the time the bonds were issued, that this
one and one-half mill levy is a legal tax and must stand
during the life of the bonds no matter what may be done
by the board of supervisors from year to year in the
levy and collection of an annual road tax.

It is to be noted that the tax authorized by the Act of 1927 to be levied is "an annual road tax" and the language is of significance in that the words "annual road tax" are emphasized by repetition. If bonds, issued prior to the passage of the act, for the repayment of which provision was made in accordance with section 10 of article IX of the Constitution and a special tax levied by authority of the Act of April 28, 1915, P. L. 197 (West Pa. Stat. 15723), prior to the passage of this act, are now to depend for their repayment on an annual road tax levy by boards of supervisors, then the bonds in the hands of investors are not the same security they were when the investors bought them. The obligation of the contract of the township to repay has been impaired by substituting an annual tax which the supervisors "may levy" for the tax which they did levy when the bonds were first issued. This, the legislature would have no power to do and therefore, whatever else the "annual road tax," which the supervisors are empowered to levy, may include, it cannot include within its scope a prior tax levy for the repayment of bonds, laid in accordance with the Constitution and specifically authorized by the Act of April 28, 1915, P. L. 197: Georges Twp. v. Union Trust Co., 293 Pa. 364.

*Chas. H. Ealy*, with him *Charles F. Uhl, Thos. Watson* and *R. M. Steffler*, for appellee.—Taxing statutes should receive a strict construction and, in cases of doubt, the construction should be in favor of the taxpayer: Com. v. P. R. T. Co., 287 Pa. 190.

Gilberton Boro. School Dist. v. Morris, 290 Pa. 7, is controlling on the question involved in this appeal.

OPINION BY MR. JUSTICE SADLER, April 14, 1930:

Jenner Township, in Somerset County, is of the second class, as defined by the Code of 1917. To permanently improve its roads, in 1926, it borrowed the sum of $30,000, secured by bonds payable in ten years, and,

as provided by the Act of April 20, 1874, P. L. 65, supplemented by later legislation, filed a financial statement in the court of quarter sessions. At the same time the municipal authorities levied an annual tax of one and one-half mills to pay the interest and provide a sinking fund sufficient to retire the debt at maturity,—action required by article IX, section 10 of the Constitution. These securities were sold in due course and are outstanding valid obligations of the township. The sums required for their extinguishment must be annually collected, and no attempt to deprive the holders of this fixed right could be sustained, if attempted.

By the Act of July 14, 1917 (P. L. 840, section 420), the supervisors of such townships are directed annually, before the organization meeting in December, or as soon thereafter as practicable, to make a written estimate of the funds needed for corporate purposes during the ensuing year, and file the same with the treasurer. The sum needed for current expenditures, including that required for the payment on account of debt already incurred, is thus fixed and the total must not exceed the amount receivable by the collection of a ten-mill tax. To meet unusual requirements, section 421 of the Code, as amended in 1921 (May 20th, P. L. 959), provides that "the board of supervisors, by unanimous action, shall, upon due cause shown, petition the quarter sessions, in which case the court may order a greater rate, but not exceeding ten additional mills to be levied." By the same section of the Code, permission is given to collect, without special leave, further sums for the upkeep of a lockup, and town-house, or to support a lighting system, but these clauses have no bearing on the present controversy.

The annual expenditure required for the interest and sinking fund of the bonds outstanding, and already determined in amount, constitutes a debt, which must be provided for in the total yearly estimate, as directed by paragraph (d) of section 420, already noted. The one

and one-half mills necessary for this purpose must be paid, having already been set apart for this use, as required by the legislation permitting the creation of municipal indebtedness, and only the balance of the tax collected can be appropriated for other purposes. It was said in Georges Twp. v. Union Trust Co., 293 Pa. 364, any sum received must first be devoted to the payment of current expenses, but the portion already appropriated to pay the bonded debt is designated as part thereof, and necessarily included in the annual budget, and only the balance remaining can be used by the supervisors to meet other requirements. If this is insufficient to properly finance the township needs, then the court may permit, to a limited extent, the collection of an additional amount, if satisfied of the necessity.

"It is a principle universally declared and admitted that municipal corporations can levy no taxes, general or special, upon inhabitants, or their property, unless the power be plainly and unmistakably conferred": 4 Dillon on Municipal Corp. 2398. And the grant of such right is to be strictly construed, and not extended by implication: Com. v. P. R. T., 287 Pa. 190. "Generally speaking, a township, like any other municipality or quasi municipal body, may act only through powers that have been conferred on them by the legislature, or a necessary implication of power associated with a given function": Georges Twp. v. Union Trust Co., supra, page 368. By the code, only ten mills can be levied, unless judicial sanction is given to collect more. "Fixing a millage within the maximum is in the nature of a legislative act, the Commonwealth speaking through its selected agents: Minsinger v. Rau, 236 Pa. 327. The Commonwealth has fixed the tax, leaving to the agents the duty of collecting so much of it as they deem necessary......To exceed it, the agent must point to an enabling statute permitting its increase": Duff v. Perry Twp. School Dist., 281 Pa. 87, 89.

The special levy legally required at the time of the creation of the debt for the purpose of paying the interest and retiring the bonds at maturity was assessed in 1926,—action essential to the validity of the securities. As was said in Rainsburg v. Fyan, 127 Pa. 74, 77: "That these constitutional provisions are mandatory and not merely directory, and are to be viewed in the light of limitations upon the powers to be exercised by municipalities, seems to us clear. They are safeguards in the interest of the taxpayer that must be observed." The township code recognized the possible existence of such liability, and provided, in section 420, that an amount necessary to satisfy indebtedness outstanding and due be included in the annual budget. By the next paragraph, the total tax was limited to ten mills, unless the court of quarter sessions should be satisfied that additional funds were required to pay. the existing contractual obligations and properly conduct the business of the township. In 1927, the supervisors of Jenner Township determined the fixed maximum sufficient for all purposes, but, in 1928, permission was asked of the court to collect a greater amount, and, in 1929, a like application was made for five mills additional, both of which applications were refused. Thereafter, the municipal authorities determined to collect two taxes, one of ten mills for general purposes, and a second of one and one-half mills to pay the debt contracted in 1926. The right to demand the total of eleven and one-half mills, without judicial authorization, was attacked in the bill of the plaintiff now before us. The court below restrained the effort to levy more than the maximum allowed by the Act of 1917, and this appeal by the township and its tax collector is from the decree restraining the collection of a greater sum.

It is urged that the two levies are separate and distinct, the proceeds of the one to be expended for general purposes, and the other to be used to liquidate the bonded indebtedness, for which an annual tax was, by

resolution, provided at the time the securities were issued in 1926, and, therefore, both may be collected. This overlooks the fact that the debt charge is to be included in the annual estimate, which sum cannot exceed an amount that will be liquidated by a tax collectible on a ten-mill basis, without special allowance, except in certain instances mentioned and not applicable here. If it is made apparent that the moneys receivable, on the basis fixed, will be insufficient, the court may allow an increase, or even compel, by mandamus, the levy of a special tax to meet an emergency or to provide for some unexpected deficiency: Township Code, section 422 (supplanting the Act of March 31, 1864, P. L. 162, referred to in Lehigh C. & N. Co.'s Appeal, 112 Pa. 360; Georges Twp. v. Union Trust Co., supra, page 37.)' In the present case, the court found the ten mills adequate to supply the funds required for the current year, and a special and additional levy for liquidating the interest and principal of the bonds could not therefore be legally assessed.

The demand now in question was levied for 1929, and, therefore, subject to acts of assembly regulating municipal action then in force. Though the original tax for refunding was provided for in December, 1926, it became a debt to be provided for in the annual budget, as already noticed, and it is further to be noted that the Act of May 4, 1927, P. L. 707, directed, in express terms, that such a liability should be included in the yearly limited levy. The later legislation eliminates any possible doubt as to the meaning of the Code, when it added, to section 420, the words: "Such annual road tax shall include all levies for road purposes *and for the payment of bonds and certificates of indebtedness issued* and all other debts incurred for road purposes." Without this enactment, the tax of 1926 to pay the bond interest and provide for the sinking fund, constituting as it did a debt charge, should have been included within the ten mills collectible, since the annual estimate, upon which

the tax limited in amount was based, required that provision should be made for existing indebtedness. Even if the inclusion of such item was theretofore questionable, the duty to so provide cannot be doubted since the Act of 1927 became effective.

A like question was determined, under analogous circumstances, where refusal to permit collection of a similar additional tax by a school district was sustained by this court in Gilberton Boro. Sch. Dist. v. Morris, 290 Pa. 7. By the School Code of 1911, an annual budget was necessary. The annual tax was limited to twenty-five mills, with an additional per capita charge permitted by an amending Act of 1921 (May 11, P. L. 508). In 1922, the district, defendant in the proceeding referred to, borrowed $100,000, and levied a tax of seven mills to pay interest and provide a sinking fund to redeem. One year later, the legislature directed that the rate should not exceed thirty-five mills for all purposes, exclusive of the per capita tax. In 1925, the school board levied the maximum amount allowable, and also endeavored to collect, in addition, the seven mills assessed prior to the passage of the Act of 1923 (May 23d, P. L. 328), to pay the bonded debt. It was held the amount previously provided for by resolution was necessarily included in the maximum of thirty-five mills levied.

In the present case, the township has attempted to collect the full sum of ten mills and, in addition, the one and one-half mills provided for when the ten-year loan was authorized. The decision cited, though dealing with a school district, is controlling of the situation now presented, in which a township is defendant, the same general features appearing in the codes controlling both municipal corporations, though the maximum amount of tax collectible differs. Indeed, the right of the latter to make the attempted additional levy is less defensible, since all of its debt was necessarily included as part of the annual budget, not required of the former, under the School Code of 1911. It may further be no-

ticed that the wording of the Township Act of 1927, requiring that the provision for the bonded debt be included in the annual levy limited to ten mills, is more explicit than found in the Act of 1923, relating to school districts, and passed upon in the Gilberton Case referred to.

The decree of the court below is affirmed at the cost of appellants.