## Smiley, etc., v. Roberts et al.

*J. W. Beaman*, for plaintiff.

*W. G. Schrier*, county solicitor, for defendants.

CULVER, P. J., April 5, 1943.—This is a proceeding brought by Rodney L. Smiley, a member of the Board of Auditors of Bradford County and a member of the Sinking Funds Commissions of Bradford County, as plaintiff, against the County Commissioners of Bradford County, and executive and administrative officers of the Bradford County Institution District, defendants.

Plaintiff is seeking a writ of peremptory mandamus against defendants to compel them to levy, for the year 1943, in addition to the general tax levy for county purposes, and for county institution district purposes, additional taxes to be specifically designated as a "county bond tax", and "county institution district bond tax", sufficient to raise the sum of $65,000 for the sinking fund of the county, and $33,225 for the sinking fund of the county institution district.

Defendants have filed a motion to quash the proceeding upon several grounds, one of which is that the petition upon which the writ is asked shows no reason justifying the issuance of the writ, but, to the contrary, shows that defendants have fully discharged their duties in respect to the matters complained of. Plaintiff's petition shows that, prior to the year 1941, the County of Bradford had issued and sold certain county bonds, and the Bradford County Institution District had issued and sold certain bonds, and created sinking funds commissions for the handling of these bonds.

The petition shows that when these bonds were issued and sold both the county and the county institution district strictly complied with all requirements of the Constitution and of the law in regard thereto, and especially in the assessing and levying of a tax for each and every year to pay these bonds, interest, and accumulations in full as they respectively become due; that the tax so levied for the "county bond tax" provides for

the raising of $65,000 to be paid into that sinking fund for the year 1943, and the tax so levied for the county institution district bond tax provides for the raising of $33,225 to be paid into that sinking fund for the year 1943.

Those taxes having been assessed and levied in accordance with the constitutional mandate and in compliance with the law, at and before the issuing and selling of the bonds, we believe they become and now are fixed annual taxes for such purposes, for each and every year mentioned in the resolutions assessing and levying the same, including the year 1943.

The petition sets forth that, prior to its presentation to the court, defendants had by proper legal action paid into the sinking funds mentioned sufficient amounts of money derived from taxation to exceed the $65,000 for the county sinking fund for the year 1943, and the $33,225 for the county institution district sinking fund for the year 1943.

At the argument on the application for the peremptory writ of mandamus plaintiff admits, for the purpose of the record, that, for the year 1943, defendants have levied a general county tax of six mills, and a general county institution district tax of two mills, and that the rates so levied will produce for the year 1943 amounts in excess of the sinking fund requirements in each case. We are, therefore, of opinion the application for writ of peremptory mandamus must be refused.

After the issuing and selling of the bonds aforementioned, the legislature passed the Act of June 25, 1941, P. L. 159, to be cited as the "Municipal Borrowing Law", section 104 of which provides:

"This act shall be deemed to provide an exclusive and uniform system on the subjects covered by this act."

Plaintiff contends that, as this act was passed subsequent to the issuing and sale of the bonds in question, the act has no application, and if intended to apply to

bonds then in existence it is unconstitutional. With this contention we do not agree. The act, as specifically stated therein, was intended to make the law uniform, and to safeguard bonds and sinking funds for the protection of such bonds, and provides in section 405 that the Department of Internal Affairs of the Commonwealth of Pennsylvania "shall from time to time inspect and investigate the sinking funds of the municipalities as herein defined . . . which have any outstanding debt and all records, books and papers relating thereto", and imposes the duty upon that department of enforcing all the provisions of the law and the Constitution relating to the subject matter. Division (e) of the said section provides:

"In addition to the imposition of the penalty hereinbefore provided, or in lieu thereof, the department may in its discretion apply to the court of common pleas of the county in which the municipality is situate for a writ of mandamus to issue to such officer or body of the municipality to compel compliance with such order of the department or any modification thereof as to the court appears just and proper."

Defendants contend that, since the passage of the Act of 1941, a writ of mandamus can be issued only at the instance of the department, and therefore plaintiff in this case has no standing in this proceeding. The principle declared in Yetter v. Delaware Valley R. R. Co., 206 Pa. 485, and Bradford County Telephone Co. et al. v. Young, Admr., et al., 329 Pa. 433, and many other cases, seems to justify this contention. We consider it unnecessary to decide this interesting point, as we base our decision upon the reasons hereinbefore given, i. e., that defendants have discharged their duties by the levying of a general county tax and a general county institution district tax for the year 1943, at rates to provide amply for the raising of the taxes that were assessed and levied in the resolutions enacted at the time the bonds in question were issued and sold,

and by paying into each of the two sinking funds amounts in excess of the requirements for the year 1943.

We are not convinced that defendants must levy, in addition to the general tax levies, a specific tax earmarked and designated as "county bond tax" and "county institution district bond tax" each year. While such was the practice prior to the Act of 1941, section 401 of that act provides:

"Every municipality having any outstanding general obligation bonds and any municipality hereafter issuing any such bonds shall maintain its existing sinking funds . . ."

The act therefore applies to the bonds in question, even though they were issued prior to the act. The contention that this act, if so applicable, is unconstitutional on the ground that it violates a constitutional provision in regard to contracts has, as we view it, no reasonable basis. The act in no wise violates or changes the contracts entered into betwen the municipalities and the purchasers of the bonds in question. Section 207 of the act provides for the levying of a tax each year in accordance with the resolution assessing and levying the tax when the bonds were issued and sold, and section 402 of the act, in addition to requiring the treasurer of each municipality to deposit into each sinking fund during each fiscal year not less than the portion of taxes collected and moneys received during such year for such sinking funds and to credit to each sinking fund the earnings and other income appertaining thereto, gives the tax-levying authorities (the corporate officers) the right to appropriate money from the general funds for the payment of principal, interest, or taxes on any bonds through a sinking fund or otherwise, and further provides:

"When the full requirement for debt service on account of any issue of bonds for any year and all prior years has been paid into the sinking fund or otherwise

discharged, the annual tax of such year levied for and in conjunction with the issue of bonds shall no longer be dedicated to the payment of interest, principal and taxes on account of such bonds and need not be deposited in the sinking fund for said bonds, anything in this act to the contrary notwithstanding."

In compliance with this section of the act, the corporate authorities, prior to the institution of these proceedings, transferred and paid into each of the sinking funds from general tax moneys the amounts required by the assessment and levy which accompanied the issuance and sale of the bonds, and under the law, when the funds are so transferred and paid into the sinking funds, they cannot be taken therefrom for any purpose other than the payment of the principal and interest of the bonds protected by the funds. It therefore appears to us that the Act of 1941 in no wise impairs the obligation of the contracts between the municipalities and the purchasers of the bonds, but provides an additional safeguard.

As mandamus is an extraordinary remedy, available only where the duty to be performed is clear and indisputable, we are of opinion it should not be available if, in order to sustain it, this act of assembly must be declared unconstitutional. Section 207 of the Act of 1941, providing for the annual tax for the payment of bonds, interest, etc., contains the following provision:

"The corporate authorities shall include such tax levy within its annual tax levy."

Thereby the corporate authorities are directed to levy one general tax which shall be sufficient to, and does, include the taxes for sinking fund purposes.

We are of opinion that when the corporate authorities have levied a general tax sufficient to produce an amount greater than will be necessary for sinking fund requirements for the year they have, so far as the

sinking funds are concerned, discharged their duty, and that from the amounts so levied there shall first be paid into the sinking funds the necessary amounts, even though the taxes produced in addition thereto may be insufficient to meet the other expenditures of the municipality.

In Hillman Coal & Coke Co. v. Jenner Township et al., 300 Pa. 108, it was said (p. 111) :

"The annual expenditure required for the interest and sinking fund of the bonds outstanding, and already determined in amount, constitutes a debt, which must be provided for in the total yearly estimate, as directed by paragraph (d) of section 420, already noted. The one and one-half mills necessary for this purpose must be paid, having already been set apart for this use, as required by the legislation permitting the creation of municipal indebtedness, and only the balance of the tax collected can be appropriated for other purposes."

Defendants having for the year 1943 levied a general county tax and a general county institution district tax more than sufficient to provide for the sinking fund requirements, and having paid into the sinking funds for the year 1943 an amount more than sufficient to comply with the requirements thereof, and having at the time of issuing and selling the bonds in question assessed and levied annual taxes over the period of years in which the bonds will mature to raise sums sufficient to pay and mature the same, plaintiff has no standing to complain, even though the total amount of taxes levied for the year 1943 may be insufficient (of which there is no allegation or contention) to pay the other expenses of the municipalities in question.

## Order

And now, to wit, April 5, 1943, after due and careful consideration, plaintiff's application for writ of peremptory mandamus is denied and the proceedings are dismissed.