Shanken *v.* Upper Moreland Township,
Appellant.

Argued April 14, 1964. Before ERVIN, WRIGHT,
WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.
(RHODES, P. J., absent).

*H. Lyle Houpt,* Township Solicitor, with him *Benjamin R. Townsend, David C. Auten,* and *Townsend, Elliott & Munson,* for township, appellant.

*William S. Livengood, Jr.,* with him *Mayor Shanken,* and *Hankin, Hankin & Shanken,* and *Livengood, Braucher & Stroup,* for appellees.

OPINION BY WOODSIDE, J., June 11, 1964:

This is an appeal from an order of the Court of Quarter Sessions of Montgomery County declaring invalid an ordinance of a Township of the First Class which imposed a tax upon the occupancy of rooms in hotels, motels and similar establishments.

Townships, like other political subdivisions, have only such powers as are conferred upon them by the Constitution and by statute. They have no implied or inherent power to tax. They may not levy, assess, or collect taxes, unless the power to do so is plainly and unmistakably conferred upon them. *Price v. Tax Review Board,* 409 Pa. 479, 483, 187 A. 2d 280 (1963); *Hillman Coal & Coke Co. v. Jenner Township,* 300 Pa. 108, 112, 150 A. 293 (1930); *Arthurs v. Pittsburgh,* 185 Pa. Superior Ct. 85, 88, 138 A. 2d 200 (1958); 26 P.L.E., Municipal Corporations, §711.

Prior to 1947, the powers given by the legislature to the Townships of the First Class to levy, assess and collect taxes were specific and limited. By the Act of June 25, 1947, P. L. 1145, known as the "Tax Anything Act," the legislature adopted a new theory of local taxation by conferring upon a "political subdivision the power to levy, assess and collect taxes upon any and all subjects of taxation, except as [specifically] restricted and limited, which the Commonwealth has power to tax but which it does not tax or license." 53 P.S. §6851B.

The Tax Anything Act has been amended at every regular session of the General Assembly since its enactment. As thus frequently amended, it now contains the following pertinent language: "The duly constituted authorities of the . . . townships of the first class, . . . may, in their discretion . . . levy, assess and collect . . . such taxes as they shall determine . . . on persons, transactions, occupations, privileges, subjects and personal property within the limits of such political subdivisions, except that such local authorities shall not have authority by virtue of this act (1) to levy, assess and collect . . . any tax . . . on a privilege, transaction, subject, occupation or personal property which is now or does hereafter become subject to a State tax or license fee; . . ." 53 P.S. §6851A. Under this act no power is given to a municipality to impose a tax upon anything subject to a state tax or license fee, with a few specific exceptions not here relevant.

Relying upon the above provision, Upper Moreland Township enacted an ordinance on July 9, 1963, imposing a hotel occupancy tax in the following language: "An excise tax of two per centum of the rent thereof is hereby imposed upon every occupancy of a room or rooms in a hotel [hotel being defined by sec. 102 to include motel] in the Township, which tax shall be collected by the operator from the occupant and paid over to the Township as herein provided."

Prior thereto, on March 6, 1956, the Commonwealth had enacted The Hotel Occupancy Tax Act (1955 P. L. 1256) which imposed an excise tax for the benefit of the Commonwealth "upon every occupancy of a room or rooms in a hotel in this Commonwealth." By the Act of December 30, 1959, P. L. 2046, this provision was made a part of the Selective Sales and Use Tax Act, which was subsequently amended by the Act of May 29, 1963, P. L. 49, and named the "Tax Act of 1963 for Education."

The "Saving Clause" was originally inserted into the Selective Sales and Use Tax Act of March 6, 1956, and remained as a part of that act when The Hotel Occupancy Tax Act was added by the Act of 1959, supra. It continues as a part of the Tax Act of 1963 for Education, 72 P.S. §3403-601, and is in the following form: "Section 601. Saving Clause. Notwithstanding anything contained in any law to the contrary, the validity of any law or any ordinance, or part of any law or any ordinance or any resolution or part of any resolution, and any amendments or supplements thereto now or hereafter enacted or adopted by the Commonwealth or any political subdivision thereof, providing for or relating to the imposition, levy or collection of any tax, shall not be affected or impaired by anything contained in this act."

The court below noted that if §601, supra, appears by its language to save from impairment the validity of any ordinance thereafter enacted, it saves with equal force and clarity any law and any part thereof, theretofore enacted. Therefore, it cannot be read to impair that "part" of the Tax Anything Act, supra, which specifically withholds from municipalities the power to tax anything which is subject to state tax. As stated by President Judge FORREST, speaking for the court below, "The fallacy of the Township's contention is that while they rely on section 601 of the Act of 1956 as continued by the Act of 1959 to validate their ordinance, they fail to realize that the same Act saves the Act of 1947 from impairment. The Act of 1947 is still a bar to the imposition of a tax by the township on the same subject which the Commonwealth has already taxed."

If there is an inconsistency in the Saving Clause in that the language appears to save from impairment the validity of both the township ordinance and each part of the Act of 1947, it is the ordinance and not the

statute whose validity is impaired. The statute conferring authority on a municipality must be strictly construed against the municipality, and is not to be extended by implication. *Tax Review Board v. D. H. Shapiro Co.,* 409 Pa. 253, 257, 185 A. 2d 529 (1962); *Murray v. Philadelphia,* 364 Pa. 157, 163, 71 A. 2d 280 (1950); *Jones v. Pittsburgh,* 176 Pa. Superior Ct. 154, 162, 106 A. 2d 892 (1954); 26 P.L.E., Municipal Corporations, §711.

The appellant relies upon *L. J. W. Realty Corp. v. Philadelphia,* 390 Pa. 197, 134 A. 2d 878 (1957). In that case a Philadelphia ordinance imposing a realty transfer tax was sustained even though the state had *subsequently* enacted a State Realty Transfer Tax Act. The Sterling Act of August 5, 1932, P. L. 45, as amended, to which the city looked for authority to enact the ordinance contained a provision similar to the provision of the Tax Anything Act quoted above, and the State Realty Transfer Tax Act contained a Saving Clause similar to §601 of the Tax Act of 1963 for Education. The Supreme Court there said, at pages 203, 204, "The State Realty Transfer Tax imposes a one percent tax upon the presentation for recording of a deed to real estate situated in the Commonwealth irrespective of where the deed was executed, delivered or accepted. However, section eleven of the act provides: 'Notwithstanding anything contained in any law to the contrary, the validity of any . . . ordinance . . . now or hereafter enacted or adopted by the Commonwealth or any political subdivision thereof, providing for or relating to the imposition, levy or collection of any tax, shall not be affected or impaired by anything contained in this act'. This saving clause permits the continued levying of the Philadelphia tax which otherwise clearly would have been prohibited by operation of the Sterling Act."

In that case, when the City enacted the ordinance its authority under the Sterling Act was beyond question. The saving clause in the State Realty Transfer Act merely permitted the "continued levying of the Philadelphia tax." In the case before us, the Tax Anything Act did not authorize the township to enact a tax on the occupancy of hotel rooms when it attempted to impose such tax and the appellant cannot glean the required authority from a saving clause of the Tax Act of 1963 for Education. In the *Philadelphia Tax* case the Philadelphia Realty Tax ordinance was saved by the saving clause in the state act. The township here involved had no tax ordinance to "save."

If the appellant's contention is correct, it would open the door for all municipalities to impose not only hotel occupancy taxes but also general sales and use taxes, and thus enter a field of taxation clearly preempted by the State. If the legislature intends to allow the municipalities to also enter this important field of taxation, it should say so directly, plainly and unmistakably; we should not open a back gate by a liberal interpretation of questionable language contained in a saving clause. The legislature has amended the Tax Anything Act as often as four times in one session and has frequently clarified the power given to municipalities to impose tax. If the legislature intended to authorize municipalities to enact sales and hotel occupancy taxes, it would have amended the Tax Anything Act to grant the authority as it did to authorize municipalities to impose a real estate transfer tax. See amendment of June 28, 1955, P. L. 197.

The appellant argues that affirming the court below will disrupt the budgets of many communities with local realty transfer taxes and local sales and use taxes. They need have no concern. According to the Department of Internal Affairs, where local authorities report their taxes, there are no municipalities with

local sales and use taxes, and, as stated above, municipalities with local realty transfer taxes can find specific authority in the Tax Anything Act for the enactment of the tax. Apparently, no other municipality has attempted to enact a hotel occupancy tax.[1]

The appellant argues that "The construction of the court below gives no effect to the Saving Clause whatever and attributes to our Legislature a futile gesture." A "saving clause" is ordinarily intended to operate only upon existing legislation, and apparently saves any sales, hotel occupancy or other tax which had been legally imposed by a municipality prior to the enactment of the state tax act. The word "hereafter" in the phrase "now or hereafter enacted . . . by the Commonwealth or any political subdivision thereof" would be given meaning if construed to refer to supplements or amendments to laws, ordinances, or resolutions in existence at the time the saving clause was adopted. But we need not speculate on the possible cases to which it may apply. It is sufficient that we are satisfied it does not give the appellant the authority to impose the hotel occupancy tax which it had no authority to impose under the Tax Anything Act.

The usual function of a saving clause is to preserve something from immediate interference—not to create. *Knickerbocker Ice Co. v. Stewart,* 253 U.S. 149, 162, 40 S. Ct. 438, 441, 64 L. Ed. 834 (1920). The saving clause does not create a right to impose a new tax

---

[1] This tax is imposed almost entirely upon nonresidents of a municipality and has little relation to any benefits furnished to the taxpayers, especially when imposed by small townships which happen to have a number of motels located in them. The only "good" tax is the one the other fellow pays. In this respect this is a "good" tax—for the residents of a municipality.

An unsuccessful effort was made at the 1963 session of the legislature to authorize Philadelphia to impose a hotel occupancy tax for school purposes.

which a municipality otherwise would have no right to impose. See *Arnold v. City of Chicago,* 387 Ill. 532, 56 N.E. 2d 795, 800 (1944).

Order affirmed.