## Commonwealth v. Sager

*Frederick F. Coffroth, District Attorney,* for Commonwealth.
*Donald Sager, p.p.,* for defendant.

SHAULIS, *J.,* June 2, 1978—This is an appeal by Donald Sager of a summary conviction for his failure, neglect, or refusal to file an earned income tax return for the years 1975 and 1976 in violation of an ordinance of Black Township, a township of the second class in Somerset County.

Appellant does not question the amount of tax assessed to him nor the regularity or validity of the ordinance itself. Instead, he asserts that the ordinance cannot be constitutionally enforced because the township has no authority to impose and collect taxes, the township supervisors having only the function of maintaining township roads.

Historically, there was a point in the development of this Commonwealth when the body we now

refer to as "township supervisors" were nothing but road supervisors, who did serve only in a more-or-less administrative capacity. The Pennsylvania legislature extended limited executive and legislative powers to these supervisors on a county-by-county, township-by-township basis throughout the nineteenth century. In 1905 an act was passed to make uniform the title "township supervisors" and their powers throughout the Commonwealth. See, the Act of April 12, 1905, P.L. 142 (repealed July 14, 1917, P.L. 840); Wysox Township Road, 42 Pa. Superior Ct. 258 (1910). Finally a comprehensive compilation of the law was enacted as The Second Class Township Code by the Act of May 1, 1933, P.L. 103, as amended, 53 P.S. §65101.

The Second Class Township Code, 53 P.S. §65101 et seq., provides that "[t]he general supervision of the affairs of the township shall be in the hands of three registered electors of the township, who shall be styled township supervisors." 53 P.S. §65510. While the supervisiors retain responsibility for township roads, (see 53 P.S. §65516), the legislature has delegated to them certain other specific powers, (see 53 P.S. §§65701-65754). 53 P.S. §65741 provides the procedure by which the township, through the supervisors, may adopt ordinances and provides penalties for violation of ordinances.

A second class township, as any political subdivision of the Commonwealth, has only those powers which are expressly granted by the legislature or necessarily implied or incident to those powers expressly granted. See generally, 37 P.L.E. 158, 177, §§1, 21-23; see also, Hillman Coal & Coke Co. v. Jenner Twp., 300 Pa. 108, 150 Atl. 293 (1930). Focusing on the power to tax, no political subdivi-

sion can levy a tax unless the power to do so is plainly and unmistakably conferred by the Commonwealth. See, e.g.: Fischer v. Pittsburgh, 383 Pa. 138, 141, 118 A. 2d 157 (1955). Our General Assembly has expressly granted second class townships the power to tax and defined that power in The Local Tax Enabling Act of December 31, 1965, P.L. 1257, as amended, 53 P.S. §69012 et seq. The Local Tax Enabling Act clearly allows the tax levied by the Black Township ordinance in this case. See especially, 53 P.S. §6902 and 53 P.S. §6913. We conclude there is no merit to appellant's argument in this case and dismiss his appeal.

We must, however, modify the sentence imposed by the district magistrate. The sentence was that defendant pay the costs, a fine of $25 and the unpaid taxes of $134.51 as restitution. Appellant was convicted of this summary offense for his failure, neglect, or refusal to file a tax return as provided by 53 P.S. §6913, subsection IX(a). This section authorizes a penalty in the nature of a fine up to $500 plus costs, and imprisonment not to exceed 30 days upon default of payment of the fine and costs. This summary offense, criminal in nature, does not provide for an order to pay the taxes alleged to be due or for such payment to be ordered in the form of restitution. The district magistrate has no general authority to order restitution except as provided by statute, as for example under The Crimes Code of December 6, 1972, P.L. 1482, as amended, 18 Pa.C.S.A. §1106. See also Com. v. Baker, 74 D. & C. 2d 595, 30 Somerset 335 (1975). There is no provision for restitution under The Local Tax Enabling Act, and we cannot permit the restitution order here to stand.

The Local Tax Enabling Act does provide for a

suit, civil in nature, for the collection of the unpaid taxes; see 53 P.S. §6913, subsection VII, and 53 P.S. §6921-22. We must relegate the township to the statutorily mandated remedies for recovery of the unpaid taxes.

### ORDER

Now, June 12, 1978, the appeal is dismissed and defendant is found guilty as charged. Defendant is sentenced to pay the costs of prosecution and a fine of $25 and in default thereof to undergo imprisonment in the county jail for a period of five days.