# Commonwealth, Appellant, *v.* Curtis Publishing Company.

*Taxation—State taxes—Capital stock tax—Foreign corporation —Securities and bank balances—Sites of personal property.*

A manufacturing corporation chartered in the state of New Jersey and having offices therein for corporate purposes, but doing business and carrying on its operations in Pennsylvania, falls within the class of corporations subject to the capital stock tax provided by the Act of June 1, 1889, P. L. 420 and its amendments; but it is not liable for a tax upon bank balances, or upon bonds, mortgages and other evidences of indebtedness owned by it, even where they are held in deposit within this state.

Argued May 20, 1912.   Appeal, No. 17, May T., 1912, by plaintiff from judgment of C. P. Dauphin county, Commonwealth Docket, 1909, No. 811, on case stated in case of Commonwealth of Pennsylvania v. Curtis Publishing Company.   Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Appeal from the settlement made by the accounting officers of the Commonwealth against the defendant company for tax on capital stock.   KUNKEL, P. J., filed the following opinion:

This case comes before us on an appeal from the settlement made by the accounting officers of the Commonwealth against the defendant company for tax on its capital stock for the year 1908.   It has been submitted to us for determination pursuant to the Act of April 22, 1874, P. L. 109.   The facts are not in dispute, and we find them to be as follows:

### FINDINGS OF FACTS.

1. Defendant company is a manufacturing corporation chartered by the State of New Jersey.   During

the year 1908 it owned and operated an extensive manufacturing plant in the City of Philadelphia. In its report to the Auditor General for that year of capital stock it set forth that its total property and assets amounted to $3,991,658.59. Of this amount $1,226,-561.89 consisted of bonds of certain corporations, some of this State, but the greater number of other states. The bonds were purchased with cash derived from the sale of manufactured products, and were held as a fund to be used to meet the growing necessities of the defendant's manufacturing business. During the greater part of the year 1908 they were deposited for safe keeping in the safe deposit box of a certain trust company in the city of Philadelphia.

2. There was also included in the amount of property and assets reported by the defendant certain cash in bank in Pennsylvania, which was in use and intended to be used in the defendant's manufacturing business within this State, and consisted of money which had been received from the sale of manufactured products. The average daily balance so held in bank during the year 1908 was $50,000, upon which the defendant received interest at the rate of two per centum per annum.

3. During the year 1908 the defendant's chief office was in the city of Camden, in New Jersey, where the corporation meetings were held and the corporation business transacted. It also had a business office in the City of Philadelphia in connection with its manufacturing plant, where its physical operations and the business connected therewith were located.

4. On October 2, 1909, the Auditor General and the State Treasurer stated an account against it for tax on its capital stock for the year 1908, charging it with a tax at the rate of five mills on the dollar on its $1,226,-561.89 of bonds and on its $50,000 of bank deposits, making the total sum upon which tax was charged $1,276,561.89, and the amount of the tax claimed, $6,-382.81. The rest of its property, it was conceded, was

exempt from taxation because it was employed in the manufacturing business.    From this settlement the defendant duly appealed.

### DISCUSSION.

The defendant company is doing business and carrying on its operations in the State of Pennsylvania.    It is using and employing its capital and property in this State.    It therefore falls within the class of corporations subjected to the capital stock tax provided for it by the Act of June 1, 1889, P. L. 420, as amended by the Acts of June 8, 1891, P. L. 229, and of June 8, 1893, P. L. 353.    However, that part of its property actually employed and invested in its manufacturing plant and business is exempted from the tax by the proviso of the amending Act of 1893.

The Commonwealth seeks by this settlement to collect the tax upon so much of the defendant's capital stock as is represented by the bonds of $1,226,561.89 and the $50,000 deposited in bank.

The tax on the capital stock of a corporation is a tax upon its property.    Its capital stock is in the State to the extent that its property which represents its capital stock is in the State.    So much of its capital stock is taxable in the State as is represented by its property taxable in the State.    The real question therefore before us is whether the property sought to be taxed as representing the capital stock is in the State for the purposes of taxation within the contemplation of law. For years the doctrine has been sustained by the courts of this State that the situs of intangible personal property for taxation, such as bonds, mortgages and other evidences of indebtedness, is the domicile of the owner. It was so held in Commonwealth v. Standard Oil Company, 101 Pa. 119, and even as late as in Commonwealth v. Traction Company, 233 Pa. 79, in which case the bonds held to be taxable were physically in the State of New York.    And in the Standard Oil case it was

further held, that although the revenue statute imposed a tax on the capital stock of a corporation doing business in this State, it did not mean that the whole capital stock was taxable in the State, but only so much thereof as was within the taxing jurisdiction of the State, so that shares of stock in corporations in the State owned by the defendant were not taxable here, but in the State of Ohio, its domicile. The doctrine to which we refer prevailed at and before the time the revenue legislation under which the tax, which is here sought to be recovered, was enacted, and has been enunciated since: Hood's Est., 21 Pa. 106; McKeen v. Northampton County, 49 Pa. 519; Short's Est., 16 Pa. 63; Whitesell v. Northampton County, 49 Pa. 526; Commonwealth v. Standard Oil Company, 101 Pa. 119; Commonwealth v. American Dredging Co., 122 Pa. 386; Commonwealth v. Delaware & Hudson Canal Co., 1 Dauphin 257; Commonwealth v. Penna. Coal Co., 197 Pa. 551; Commonwealth v. Traction Co., 233 Pa. 79. It is true that in other jurisdictions the doctrine has been modified and limited by express statute, and the power of the states, to so legislate, as suggested by the learned counsel for the Commonwealth, has been sustained: New Orleans v. Stempel, 175 U. S. 309 (20 Sup. Ct. Repr. 110); Blackstone v. Miller, 188 U. S. 189 (23 Sup. Ct. Repr. 277); Liverpool & London and Globe Ins. Co. v. Orleans Assessors, 221 U. S. 346, but it has not been pointed out to us, nor have we been able to find, that the doctrine has been modified or limited in this State by any statutory provision. It would seem that if a change or modification was intended to be made, the legislature would have clearly indicated it. In the absence of any such indication, we must construe the revenue statutes in the light of the doctrine that intangible personal property follows the person of the owner. We are constrained to conclude, therefore, that it was not the intention of the legislature to tax through its capital stock such property of a cor-

poration as was not under the decisions of the State courts within the taxing jurisdiction of the State. Accordingly it results that the cash in bank and the bonds in bank for safe keeping in this State are not within the jurisdiction of the State for purposes of taxation, although physically present here, and that being so, that the capital stock represented by them is not in the State and subject to the tax imposed on the capital stock of corporations.

Besides what we have said, it appears that the cash in bank is used in connection with the defendant's business. It represents capital stock employed in carrying on the business, and is incident and appurtenant thereto. It is impossible to conceive of carrying on a business without a bank account. Of course the amount of cash in bank is an important consideration when the question of exemption is claimed. If the amount is no more than is reasonably necessary, and the deposit is strictly incident to and employed in the business, it is entitled to the same exemption allowed other property actually employed. We do not mean to say that all cash in bank, to any amount, would be exempt, but so much as is essential to and actually used in the business. There is no suggestion by the Commonwealth that the sum of $50,000 in the present case is in excess of the business needs of the defendant. However, the principal question which is here involved is not one of exemption, but one of express or affirmative taxation. The domicile of the defendant is the State of New Jersey, the state of its incorporation or its origin: Bank of Augusta v. Earle, 38 U. S. 519, 588; Paul v. Virginia, 75 U. S. 168; Commonwealth v. Standard Oil Co., 101 Pa. 119, and the situs for taxation of its money in bank and bonds in bank for safe keeping is that state.

### CONCLUSIONS OF LAW.

We therefore conclude:

1. That the capital stock of the defendant company,

represented by the bonds of $1,226,561.89 deposited in the trust company in the City of Philadelphia for safe keeping, is not subject to the capital stock tax, under the Act of 1889 and its amendments of 1891 and 1893.

2. That the capital stock represented by the $50,000 of deposit in the Pennsylvania bank is not subject to the capital stock tax, under the Acts of 1889 and its amendments of 1891 and 1893.

3. That neither of these items of property are subject to tax through the capital stock of the defendant company.

4. That the defendant company is entitled to judgment. Wherefore judgment is directed to be entered against the Commonwealth and in favor of the defendant company, unless exceptions be filed within the time limited by law.

*Error assigned* was the judgment of the court.

*Wm. M. Hargest,* Assistant Deputy Attorney General, with him *John C. Bell,* Attorney General, for appellant:—The theory which gives a situs for taxation of personal property at the domicile of the owner, is a legal fiction, based upon no constitutional authority. As a fiction, it cannot be interposed against a statutory requirement, and can be interposed against taxation only where the statute has not attempted to tax the personal property where it actually is located. As between the fiction and the fact, the fiction must give way and personal property is subjected to tax where it is located, regardless of the domicile of the owner: Com. v. Standard Oil Co., 101 Pa. 119; Liverpool, London & Globe Ins. Co. v. Board of Assessors, 44 La. Ann. 760 (11 So. Repr. 91); Railey v. Board of Assessors, 44 La. Ann. 765 (11 So. Repr. 93); Hood's Est., 21 Pa. 106; Com. v. Dredging Co., 122 Pa. 386; New Orleans v. Stemple, 175 U. S. 309 (20 Sup. Ct. Repr. 110); Catlin v. Hull, 21 Vt. 152; Blackstone v. Miller, 188

U. S. 189 (23 Sup. Ct. Repr. 277); Saving & Loan
Society v. Multnomah Co., 169 U. S. 421 (18 Sup.
Ct. Repr. 392); Bistol v. Washington County, 177 U. S.
133 (20 Sup. Ct. Repr. 585); Scottish Union & Nat.
Ins. Co. v. Bowland, 196 U. S. 611 (25 Sup. Ct.
Repr. 345); Pullman's Palace Car Co. v. Penna., 141 U.
S. 18 (11 Sup. Ct. Repr. 876); State Board of As-
sessors of Orleans v. Comptoir Nat. D'Escompte, 191
U. S. 388 (24 Sup. Ct. Repr. 109); Monongahela, Etc.,
Coal & Coke Co. v. Board of Assessors, 115 La. 564
(39 So. Repr. 601); Buck v. Beach, 164 Ind. 37 (71 N.
E. Repr. 963); Hathaway v. Edwards, 42 Ind. App. 22
(85 N. E. Repr. 28); State v. Fidelity & Deposit Co., 35
Tex. Civ. App. 214 (80 S. W. Repr. 544); Borden's App.,
208 Ill. 369 (70 N. E. Repr. 310); Glendinning's Est.,
171 N. Y. 684 (64 N. E. Repr. 1121); People v. Home
Ins. Co., 29 Cal. 533; Goldgart v. People, 106 Ill. 25;
People v. Davis, 112 Ill. 272; McKeen v. Northampton
County, 49 Pa. 519; Hutchinson v. Board of Equaliza-
tion, 66 Iowa 35 (23 N. W. Repr. 249); In re Jefferson,
35 Minn. 215 (28 N. W. Repr. 256); Finch v. York
County, 19 Neb. 50 (26 N. W. Repr. 589); Com. v. Min-
ing Co., 12 Dauphin County 95; Houdayer's Est., 150 N.
Y. 37 (44 N. E. Repr. 718); Com. v. R. G. Dun & Co.,
126 Ky. 108 (102 S. W. Repr. 859); Monongahela River
Consolidated Coal & Coke Co. v. Board of Assessors,
115 La. 564 (39 So. Repr. 601); Hall v. Miller, 110
S. W. 165; Critchfield v. Nance County, 110 N. W. Repr.
538, 110 N. W. Repr. 583.

*A. C. Stamm,* with him *M. E. Olmsted,* for appellee.—
To tax the company with respect to the bonds is to
tax property in New Jersey: Com. v. Standard Oil Co.,
101 Pa. 119; Hood's Est., 21 Pa. 106; Orcutt's App., 97
Pa. 179; Small's Est., 151 Pa. 1; Com. v. Canal Co., 1
Dauphin Co. 257; Com. v. Coal Co., 197 Pa. 551.

Intangible personal property is taxable only at domi-
cile of owner unless legislature otherwise enacts: Finley

v. Philadelphia, 32 Pa. 381; Railey v. Board of Assessors, 44 La. Ann. 765 (11 So. Repr. 93); Bluefields Banana Co. v. Board of Assessors, 49 La. Ann. 43 (21 So. Repr. 627); Kirtland v. Hotchkiss, 100 U. S. 491; Tappan v. Nat. Bank, 86 U. S. 490; Com. v. Del. Division Canal Co., 2 L. R. A. 798; Whitings Est., 150 N. Y. 27 (44 N. E. Repr. 715); Small's Est., 151 Pa. 1.

The court's finding as a fact that the bank account was used in the company's manufacturing business is conclusive of its non-taxability: Commonwealth v. Lehigh Valley R. R. Co., 104 Pa. 89; Commonwealth v. Hulings, 129 Pa. 317; Commonwealth v. Westinghouse Elec. & Mfg. Co., 151 Pa. 265.

PER CURIAM, July 2, 1912:

The judgment is affirmed on the opinion of Judge KUNKEL.