## Commonwealth v. Semet-Solvay Co., Appellant.

*Corporations—Capital stock tax—Intangible property in other states—Taxation in this State.*

1. The situs of intangible property of a domestic corporation for the purposes of taxation, is the domicile of the owner, although such intangible property may be in another state.

2. In determining the value of the capital stock of a domestic corporation for the purpose of assessing the capital stock tax, it is proper to consider the value of bank deposits owned by such corporation, in banks located outside the State, bills receivable for services rendered and goods sold outside the State and payable outside the State, but not cash in the hands of the corporation's employees, residing and transacting business for the corporation in other states.

3. It is not material that such property may also be taxed by the states in which it may be.

Argued May 27, 1918.   Appeal, No. 16, May T., 1918, by defendant, from judgment of C. P. Dauphin Co., Com. Docket, 1915, No. 44, for plaintiff, in case of Commonwealth of Pennsylvania, v. Semet-Solvay Company.   Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ.   Affirmed.

Appeal from capital stock tax settlement.

KUNKEL, P. J., filed the following opinion:

This is an appeal from the resettlement of an account against the defendant company for the tax on its capital stock for the year 1913.   It has been submitted to the court for trial without a jury, agreeably to the provisions of the Act of April 22, 1874, P. L. 109.   The facts are

specifically found in the answer to the request for findings of fact filed in the case. Generally stated they are as follows:

### FACTS.

The defendant is a manufacturing corporation chartered under the laws of this State and is and has been engaged in doing business and in carrying on manufacturing not only in this State but also in several of the other states, in some of which it owns and operates manufacturing plants. On September 24, 1914, the accounting officers of the Commonwealth settled an account against it for the capital stock tax for the year 1913, and subsequently, on December 29, 1914, made a resettlement valuing the proportion of its capital stock in this State at $1,201,566, and charging it with the sum of $6,007.83. In this valuation were included the company's bank deposits in banks in the other states in which it did business in connection with which the deposits were used, and $3,027.73 cash in the hands of its superintendents in those states, aggregating $208,262.04, its bills receivable amounting to the sum of $874,476.38 for services rendered and for goods sold and payable outside of this State and $20,000 known as bond commissions. The defendant objecting to the taxation of so much of its capital stock as was represented by these several kinds of property took this appeal. At the hearing the Commonwealth disclaimed any recovery on account of the $20,000 commissions.

### DISCUSSION.

The subject of the tax is the capital stock at its actual value in cash. Act of June 1, 1889, P. L. 420; Act of June 8, 1891, P. L. 229. Whatever contributes to the value of the stock is in effect taxed. Hence the bank deposits and accounts receivable representing the capital stock taxed have been subjected to the tax. Capital stock represented by tangible personal property located

permanently outside of the State is not taxable here, but this is not so touching intangible personal property. Whatever may be the law of the other states it is the law of this State that the situs of such property for taxation is the domicile of the owner. The fact that the bank deposits in the present instance were in the banks of the other states and were there used in connection with the defendant's business and operations, or that the accounts receivable were derived from services performed and goods sold and payable outside of this State did not change their situs for taxation. Whether taxable directly or through the capital stock, their taxable situs was the domicile of the defendant regardless of their source or place of use: Commonwealth v. Standard Oil Co., 101 Pa. 119; Commonwealth v. Buffalo & Lake Erie Traction Co., 233 Pa. 79; Commonwealth v. Curtis Pub. Co., 237 Pa. 333, and cases there cited. And this doctrine violates no provision of the Federal Constitution: Kirtland v. Hotchkiss, 100 U. S. 491; Fidelity & Columbia Trust Company v. Louisville, 245 U. S. 54. It is true that in a few of the states it has been modified; and such property has been treated as having the same taxable situs as that of the tangible personal property permanently located outside of the domicile of the owner from which it is derived or with which it is used, but those decisions are exceptions to the general doctrine.

The objection is not well taken, that if the property in question is taxed here through its capital stock and also taxed directly in the other states, it will amount to double taxation. "Double taxation obnoxious to the rule is where the second or additional burden is imposed by the same sovereignty which imposed the first." "Double taxation in a legal sense does not exist unless the double tax is levied upon the same property within the same jurisdiction." Judy v. Beckwith, 15 L. R. A. (N. S.) 143 and note. It does not appear that the property is actually taxed in the other states, but whether it is taxed or not, the fact that it is or may be taxed there does not

relieve it from liability to taxation in this State: Kidd v. Alabama, 188 U. S. 730; Hawley v. City of Malden, 232 U. S. 1.

The deposits were used in connection with and the bills receivable were derived from the manufacturing operations and business carried on by the defendant in the other states. The exemption afforded manufacturing corporations or so much of their capital stock as is used in manufacturing, extends only to that which is actually employed in carrying on manufacturing in this State: Act of June 8, 1893, P. L. 353.

### CONCLUSION.

We therefore conclude:

1. That the capital stock represented by the bank deposits and by the bills receivable is taxable in this State. (9)

2. That the situs for taxation of the deposits and bills receivable is this State. (10)

3. That the capital stock represented by them is not exempted from taxation under the proviso of the revenue statutes. (11)

4. The capital stock represented by the cash in other states in the hands of defendant company's superintendents is not taxable in this State.

5. That the Commonwealth is entitled to recover as follows:

Capital stock taxable in this State, $1,186,001.00
Tax at rate of 5 mills,. . . . .$5,930.00
Credit by payment on account, . . . . . . . . . . . . . . . .  2,380.99
                                    ———————
Tax payable, . . . . . . . . . . . .$3,549.01
Interest from March 1, 1915,    649.47
Attorney General's commission, 5%, . . . . . . . . . .    209.92
                                    ———————
    Total, . . . . . . . . . . . . . . .$4,408.40

for which sum judgment is directed to be entered in favor of the Commonwealth and against the defendant, unless exceptions be filed within the time limited by law. (15)

The court entered judgment for plaintiff. Defendant appealed.

*Errors assigned* were (9, 10 and 11) conclusions of law, and (15) the order of the court.

*H. Duane Bruce,* with him *C. H. Bergner,* for appellant.

*Wm. M. Hargest,* Deputy Attorney General, with him *Francis Shunk Brown,* Attorney General, for appellee.

PER CURIAM, July 17, 1918:

This judgment is affirmed on the opinion of the learned court below directing it to be entered.