# Thompson, Appellant, *v.* Indiana County.

*Tax—Occupation tax—Exemption of farmers—Validity—Acts of April 15, 1834, P. L. 509, and Act of April 29, 1844, P. L. 486.*

The Act of April 29, 1844, P. L. 486, amending the Act of April 15, 1834, P. L. 509, imposing an occupation tax and exempting farmers therefrom, is constitutional.

The exemption of farmers is a proper classification and there is nothing in the Constitution of Pennsylvania which would prohibit the legislature from granting such exclusion.

Argued April 15, 1924.  Appeal, No. 105, April T., 1924, by plaintiff, from decree of C. P. Indiana County, June T., 1922, No. 171, dismissing appeal from Board of Revision of Taxes, in the case of E. M. Thompson v. Indiana County.  Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Reversed.

Appeal from Board of Revision of Taxes. Before LANGHAM, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the appeal. Plaintiff appealed.

*Error assigned* was the decree of the court.

*George J. Peelor,* of *Peelor & Feit,* for appellant, cited: Walker's App., 44 Pa. Superior Ct. 145; Coatesville Gas Co. v. County of Chester, 97 Pa. 476; County of Erie v. City of Erie, 113 Pa. 360; Evans v. Phillipi, 117 Pa. 226; Lehigh Iron Co. v. Lower Macungie Township, 81 Pa. 482; Indiana County v. Agricultural Society, 85 Pa. 357.

*Ernest Stewart,* for appellee, cited: Township of Londonderry v. Berger, 2 Pearson 230; Wagner Free Institute v. Phila., 1 Pa. County Court Reports 256.

OPINION BY HENDERSON, J., July 2, 1924:

There is but one question presented in this appeal: Are farmers subject to an occupation tax? The Act of April 15, 1834, P. L. 509, provided inter alia for the assessment of "all offices and posts of profit, professions, trades and occupations, and all single freemen above the age of twenty-one years who shall not follow any occupation or calling." The Act of April 29, 1844, P. L. 486 contains the following provisions: "Salaries and emoluments of office, all offices, and posts of profit, professions, trades and occupations, except the occupation of farmers, together with all other things now taxable by the laws of this Commonwealth, shall be valued and assessed and subject to taxation for the purposes in this act mentioned, and for all State and county purposes whatsoever." The 49th section of the Act of 1844 is as follows: "So much of any law or laws as are hereby altered or supplied, be and the same are hereby repealed." It was the evident intention of the legislature

to substitute the provisions of the Act of 1844 for those of 1834 with respect to the subjects of taxation, and it is clear that farmers were not liable to a tax on their occupation after the enactment of 1844. They had not been classified under the Act of 1834, although several classes of taxables were named therein. The Act of 1844 creates a new classification, but farmers are not included therein. It is claimed however by the appellee that the classification in the Act of 1844 is an exemption law with reference to farmers, and as such prohibited by the second section of Article 9 of the Constitution; the contention being that the exclusion of farmers from the list of taxables is void because exemption legislation and that they are therefore liable under the Act of 1834. Two objections exist to the conclusions arrived at by the process of reasoning: First, it is within the power of the State to provide a classification of subjects of taxation. There is no constitutional requirement that all property be taxed. Section 1 of Article 9 of the Constitution only requires that all taxes shall be uniform upon the same class of subjects. It is within the capacity of the legislature to impose or withhold a tax on money at interest or on carriages or watches or any other subject. A tax could not be imposed on the money at interest of one person and another person be exempt from the same tax. Such tax must be laid on all taxpayers alike. That is the uniformity which the Constitution imposes; but that there should be an exact uniformity as to subjects of taxation has not been required and perhaps could not be accomplished. Corporations are not subject to the same system of taxation as are individuals, but it does not follow that the difference creates an unconstitutional discrimination. Both in this State and under the Federal Constitution it has been held that classification for purposes of taxation is not unconstitutional and that the requirement of uniformity is met if the law operate uniformly on each class: Chicago R. R. Co. v. Iowa, 94 U. S. 164; Dow v. Beidelman, 125 U. S. 680; Com. v. Sharon

Coal Co., 164 Pa. 304; Com. v. Clark, 195 Pa. 637; County of Erie v. City of Erie, 113 Pa. 360. As will be observed the Act of 1844 makes six classifications of subjects which may properly come within the general denomination of occupations: They are, salaries, offices, posts of profit, professions, trades and occupations except farmers. That is, the class of persons known as farmers are not included within the subjects of taxation and there is reason for the distinction. Farmers are not wage earners; they do not receive salaries; they have no offices; their business is not a profession or a trade; their labor is applied to the soil and may be profitable or otherwise depending on the state of the weather, the prevalence of blight and many other contingencies controlling the chances of profit. The land on which they labor is taxed as is the increase of their herds and the legislature evidently had these conditions in view in excluding them from the class of subjects made liable to an occupation assessment. Clearly they were not subject to such tax prior to the adoption of the present Constitution, for they were not so made liable by the Act of 1844 and that act repealed the Act of 1834, and nothing therein forbids the exclusion of them as a class from an occupation assessment. The decision brought up on the appeal can only be sustained by holding that the Act of 1844 is an exemption law and that it is void under the second section of Article 9 of the Constitution and that by operation of that section the Act of 1834, for which the Act of 1844 is a substitute, is revived as to the subject of occupation tax. The answer to this argument is that the Act of 1844 is an act providing for assessments on certain classes of property therein indicated. It applies to fisheries, mortgages, money at interest, pleasure carriages, mules and other property not covered by the Act of 1834, while the latter act contained subjects not included in the Act of 1844. The legislature had authority to select the classes of subjects of taxation and they did not select a class including farmers.

In view of the conclusion reached it is unnecessary to discuss the question presented in the appellant's argument whether the first and second sections of Article 9 of the Constitution are self operative.

The decree is reversed and judgment is now entered for the appellant.