## Sauer Appeal.

34

Argued April 14, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*J. F. McKenna, Jr.,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for appellant.

*Alan D. Riester,* with him *Carl Brandt* and *Brandt, Riester & Brandt,* for appellee.

OPINION BY RHODES, P. J., July 20, 1950:

Frank C. Sauer, a nonresident of the City of Pittsburgh, is sole proprietor of a business engaged in making loans of money in the City and registered under the Fictitious Names Act of May 24, 1945, P. L. 967, 54 PS §28.1, as "Peoples Loan Company." Sauer held notes payable to Peoples Loan Company aggregating $75,819.70 as of January 1, 1948, and $70,815.97 as of January 1, 1949. By Ordinance No. 486, approved December 1, 1947, the

City of Pittsburgh imposed a tax of two mills "on *the value of all personal property* of the classes taxed by the County of Allegheny pursuant to the Act of June 17, 1913, P. L. 507, as amended, . . . *owned, held* or *possessed by any resident,* which as used in this Section shall mean any *person,* persons, *copartnership or unincorporated* association or *company resident,* located or liable to taxation *within the City of Pittsburgh,* or by a joint stock company or association, limited partnership, bank or *corporation* whatsoever formed, . . . and liable to taxation within the City, . . ." (Italics supplied.)

Acting under the alleged authority of this ordinance, the Allegheny County Board of Property Assessment, Appeals and Review, on behalf of the City of Pittsburgh, made an assessment, listed as "Peoples Loan Company, Frank C. Sauer, Proprietor," of personal property taxes —$151.64 for the year 1948, and $141.63 for the year 1949. The Board refused Sauer's petitions for appeal and reassessment. Sauer then filed a petition for appeal from the assessment in the Court of Common Pleas of Allegheny County asking that such assessment be stricken off. The City of Pittsburgh filed an answer to Sauer's petition admitting all the material averments thereof. Upon the taxpayer's motion for judgment on the pleadings, the facts being admitted, the court below held that the City's assessment against this taxpayer could not be sustained under the terms of the ordinance, and entered judgment on the pleadings for the taxpayer. The City of Pittsburgh appeals.

The facts being undisputed the question is one of law. Under the terms of the ordinance, is Frank C. Sauer liable to pay the personal property tax so assessed? Statutes imposing taxes are to be strictly construed. Statutory Construction Act of May 28, 1937, P. L. 1019, Art. IV, §58(3), 46 PS §558. The words used should be clear and unambiguous; their meaning is not

to be extended by implication; and in cases of doubt the construction should be against the government. *Dixon's Case,* 138 Pa. Superior Ct. 385, 389, 11 A. 2d 169; *Philadelphia v. Goldfine,* 151 Pa. Superior Ct. 59, 62, 29 A. 2d 233; *Speck v. Philips,* 160 Pa. Superior Ct. 365, 368, 51 A. 2d 399; *Thaw Estate,* 163 Pa. Superior Ct. 484, 488, 63 A. 2d 417; *Murray v. Philadelphia,* 364 Pa. 157, 163, 164, 71 A. 2d 280.

The action of the court below was in conformity with these principles. It is clear that the City failed to show authority for the imposition of the personal property tax in this case. As a nonresident of the City of Pittsburgh, appellee is not liable for the tax which is expressly applicable to property owned by residents; and liability for the tax is not imposed on the business itself as a legal entity distinct from the original owner. Although having no direct bearing on the present question, under the principle of mobilia sequuntur personam, the situs of intangible personal property for tax purposes is the domicile of the owner. *Com. v. Curtis Publishing Co.,* 237 Pa. 333, 85 A. 360; *Com. v. Semet-Solvay Co.,* 262 Pa. 234, 236, 105 A. 92; *Dorrance's Estate,* 333 Pa. 162, 168, 3 A. 2d 682; *Com. v. Stewart,* 338 Pa. 9, 18, 12 A. 2d 444, affirmed 312 U. S. 649, 61 S. Ct. 445, 85 L. Ed. 1101.

The City relies, inter alia, on a lower court case[1] holding a copartnership liable for the same tax, although its individual members were all nonresidents of the City of Pittsburgh. Whatever the liability of a copartnership and its partners in such a situation may be, a matter not now before us for decision, a partnership stands on a different basis than appellee under this ordinance in that a partnership is recognized as having an entity dis-

---

[1] *William P. McJunkin and John S. Patton, Jr., trading as McJunkin, Patton and Company v. City of Pittsburgh,* No. 3128, January Term, 1949 (in equity), in the Court of Common Pleas of Allegheny County.

tinct from its members for certain purposes, and the ordinance expressly names a partnership as taxable on personal property owned by it.

The City argues that such property is taxable under the ordinance as *"personal property . . . owned . . . by any* resident, which as used in this Section shall mean any person, persons, copartnership or *unincorporated* association or *company resident,* located or liable to taxation within the City of Pittsburgh, . . ." (Italics supplied.) According to the City, appellee is a "company resident" within the City, owning, holding or possessing this personal property. In support of this proposition the City cites cases defining the word "company" and "unincorporated company," as including, in certain situations, a business owned by a single individual. The word "company" refers to an association of a number of individuals for the purpose of carrying on a business, and does not, ordinarily, include a single individual. 15 C. J. S. p. 646; Cyclopedic Law Dictionary; Black's Law Dictionary. However, as applied to the situation before us, the word "company" is ambiguous and indefinite in its meaning. Cf. 15 C. J. S. p. 646; 8 Words & Phrases p. 172; *Application of Central Airlines, Inc.,* 199 Okla. 300, 185 P. 2d 919. Whatever meaning "unincorporated association or company" has in its various usages, this ordinance does not expressly impose a tax on personal property owned by a nonresident individual who is the sole proprietor of a business conducted within the City under a fictitious name. The status of appellee as a nonresident individual is not necessarily changed by the inclusion of the word "company" in the fictitious name used by him. Whether or not an ordinance or statute imposing a tax on property owned by such a nonresident individual would be effective is beside the point. We only hold that the ordinance now before us does not impose such a tax.

The order of the court below is affirmed.