## Steele Estate

*Wright, Mauck, Hawes & Spencer*, for accountant.

VAN RODEN, P. J. (thirty-second judicial district, specially presiding), April 20, 1951.—. . . Decedent died on December 30, 1948.

Montgomery County presented claim for four mills personal property tax for the above years, 1945 to 1949, both inclusive, which it claimed to be the balance of tax remaining due and unpaid on mortgages owned by decedent, or her estate after her death, secured upon real estate in the State of Maryland. The claim is

objected to by the accountant on the statement in the petition for adjudication that:

"The excess is taxed on mortgages upon Maryland real estate which under the laws of Maryland are taxable in Maryland and are therefore not properly personal property in Pennsylvania and thereby not subject to tax."

The County Personal Property Tax Act of June 17, 1913, P. L. 507, sec. 1, 72 PS §4821, as last amended by the Act of June 28, 1947, P. L. 1008, so far as it applies to this case, provides:

"All personal property of the classes hereinafter enumerated, owned, held or possessed by any resident, which, as used in this section, shall mean any person, persons, copartnership, or unincorporated association or company, resident, located, or liable to taxation within this Commonwealth, . . . is hereby made taxable annually for county purposes, . . . at the rate of four mills on each dollar of the value thereof, . . . and no failure to assess or return the same shall discharge such owner or holder thereof; from liability therefor; that is to say,

"All mortgages; all moneys owing by solvent debtors, whether by promissory note, or penal or single bill, bond, or judgment; . . . and all moneys loaned or invested in other states, territories, the District of Columbia, or foreign countries; . . ."

The act makes subject to the tax all personal property of the classes enumerated, specifically including all mortgages, as well as all moneys loaned or invested in other States, held or possessed by any person resident, located, or liable to taxation within this Commonwealth. That it makes liable to payment of the tax a resident of Pennsylvania who holds a mortgage secured on real estate located in another State has been decided in National Bank of Germantown and Trust Co. Appeal, sometimes cited as: In re National

Bank of Germantown and Trust Co. Appeal, 156 Pa. Superior Ct. 650 (1945), 41 A.(2d) 412, where it was held that the tax was properly assessed upon a mortgage owned by a Philadelphia decedent secured on real estate in New Jersey.

Nor does the fact that a tax was imposed by the State of Maryland upon the mortgages in question exempt them from the tax. Although the presumption of law is against double taxation and continues until overcome by express words of the legislature (Dixon's Case, 138 Pa. Superior Ct. 385), the double taxation obnoxious to the rule is where the second, or additional, burden is imposed by the same sovereign which imposed the first, and does not exist unless the double tax is levied upon the same property within the same jurisdiction: Commonwealth v. Semet-Solvay Co., 262 Pa. 234, 105 Atl. 92. Although the doctrine of mobilia personam sequuntur no longer applies to tangibles, and they have their tax situs in the jurisdiction in which they are physically located, the doctrine is applicable in the case of intangibles: Commonwealth v. Stewart, 338 Pa. 9 (1940), affirmed, 312 U. S. 649, 85 L. Ed. 1101 (1941), and the State of the domicil of the owner can tax intangible personal property. In re Dorrance Estate, 309 Pa. 151, 163 Atl. 303 (1932), and numerous authorities set forth, A. L. I. Restatement of the Law of Conflict of Laws, §51, *Jurisdiction over intangible things*. The accountant has not submitted any authority to sustain its opposition to the claim, and I am of the opinion that, under the plain mandate of the statute, the claim must be and it is allowed. There is, accordingly, awarded to Montgomery County the sum of $543.19, balance of the tax as claimed. . . .

And now, April 20, 1951, this adjudication is confirmed nisi.