**Brandt v. Conewago Township School District**

*McNees, Wallace & Nurick,* for plaintiffs.

*Metzger, Wickersham & Knauss,* for defendants.

HERMAN, J., April 20, 1964.—This is a suit in equity in which Elmer K. Brandt and others seek to enjoin defendant school district and the tax collectors from collecting from them occupation taxes for the school years 1961 and 1962 on the grounds that their occupation is that of farmer and, as such, they are not liable for this tax under the "Tax Anything Act" of June 25, 1947, P. L. 1145, as amended, 53 PS §6851, et seq., the act under the authority of which defendant, Conewago Township School District, levied the tax.

The pleadings consist of plaintiffs' complaint, defendants' preliminary objections in the nature of a demurrer and defendants' answer, both of which were filed the same day. By agreement, action was deferred on the demurrer and testimony was taken. After final argument by both sides, the demurrer was overruled . . .

## Discussion

The principal problem facing us in the instant proceeding is this: May farmers be subjected to an occupation tax under the authority of the Tax Anything Act?

The said enabling act, as far as pertinent here, provides:

"The duly constituted authorities of . . . school districts of the fourth class may . . . for general revenue purposes, levy, assess and collect or provide for the levying, assessment and collection of such taxes as they shall determine to be paid . . . on persons, transactions, occupations, privileges, subjects and personal property within the limits of such . . . [school district] except that such . . . [school district] shall

not have authority by virtue of this act . . . (4) to levy, assess and collect a tax on goods and articles manufactured in such . . . [school district] . . . or on . . . farm products produced in such . . . [school district] or on the preparation or processing thereof for use or market, *or on any privilege, act or transaction related to the business of manufacturing, the production, preparation or processing of . . . farm products, by manufacturers, by producers and by farmers with respect to the goods, articles and products of their own manufacture, production or growth,* . . . (Italics supplied.)

As far as we can determine, "exception (4)," above, as it relates to farming as distinct from manufacturing, has never been interpreted by our appellate courts, nor has the validity of an "occupation tax" on the occupation of farmer or manufacturer under this same statute been passed upon by our appellate courts. However, these courts have had occasion several times to concern themselves with "exception (4)" as it relates to manufacturing, and it is our belief that those decisions point the way for a determination of the matter before us.

In H. J. Heinz Company v. Pittsburgh, 170 Pa. Superior Ct. 435 (1952), the question was whether plaintiff, a manufacturer of food products, was subject to a mercantile license tax imposed by the City of Pittsburgh under the Tax Anything Act. The court held that it was not, stating that the tax was . . . " 'an excise tax on the privilege of doing business.' " (Federal Drug Co. v. Pittsburgh, 358 Pa. 454 (1948)), which was measured by gross sales, and, since the sales of its products was an essential part of the manufacturing of these products, the city was denied the power to tax this plaintiff by virtue of "exception (4)," quoted above. Thus, the "excise tax on the privilege of doing business" was held to be a tax on a "privilege,

act or transaction related to the business of manufacturing," and forbidden by the section concerned here.

In Fischer v. Pittsburgh, 178 Pa. Superior Ct. 16 (1955), the court had before it a tax imposed by the City of Pittsburgh on, among other things, the "net profits earned from business." Plaintiff here, too, was engaged in manufacturing and its entire net profits were derived from manufacturing of bedsprings and allied products in the city. The authority for the levying of the tax by the city was the act we are here concerned with, and the same exception on the authority to tax is involved. Judge Woodside, speaking for the unanimous court, said, pages 20 and 21:

"At the outset it becomes important to determine whether the act should be strictly construed against the city or strictly construed against the taxpayer.

"Municipal corporations can levy no taxes upon inhabitants or their property unless the power to do so is *plainly* and *unmistakably* conferred by the legislature. The grant of such right must be strictly construed and not extended by implication. Breitinger v. Philadelphia, 363 Pa. 512, 514, 70 A. 2d 640 (1950); Hillman Coal & Coke Co. v. Jenner Twp., 300 Pa. 108, 112, 150 A. 293 (1930).

"In Allentown School District Mercantile Tax Case, 370 Pa. 161, 171, 87 A. 2d 480 (1952) the court said: 'Neither municipalities *nor school districts* are sovereigns; they have no original or fundamental power of legislation or of taxation. They have the right and power to enact only those legislative and tax ordinances or resolutions which are authorized by an Act of the legislature; and if such ordinance or resolution is unauthorized or conflicts with the enabling statute or with some of its provisions it is in that respect or to that extent void: (citing). Moreover the grant of the right or power to levy taxes must be strictly construed; tax statutes should receive a strict construc-

tion and in cases of reasonable doubt, the construction should be against the government: (citing).'

"It has long been the rule that tax statutes should be strictly construed; and in cases of doubt the construction should be against the government. Boyd v. Hood, 57 Pa. 98 (1868) ; Scranton v. O'Malley Manufacturing Co., 341 Pa. 200, 204, 19 A. 2d 269 (1941) ; Sauer Appeal, 167 Pa. Superior Ct. 33, 35, 36, 74 A. 2d 700 (1950)." (Italics supplied.)

It must be remembered that we are construing a statute which did not *impose* taxes but merely *authorized* the school district to' impose certain taxes, and so this authorization must be strictly construed against the school district and any right to tax must be plainly and unmistakably shown.

There, in the Fischer case, as here, the question boiled down to this, page 22:

"[W]here a statute *authorizing* the imposition of a tax contains a clause limiting the authority of a municipality to impose the tax conferred by the act, is such clause to be strictly construed against the taxpayer under the rule that exemptions from taxation are strictly construed, or is it to be strictly construed against the municipality under the rule that acts authorizing municipalities to impose taxes must be strictly construed?"

Citing Murray v. Philadelphia, 364 Pa. 157 (1950), the Superior Court held that the exception was to be strictly construed against the taxing authority. See also Jones v. Pittsburgh, 176 Pa. Superior Ct. 154, 162 (1954), where it is said: " 'The grant by the Legislature of the right to levy taxes is to be strictly construed and is not to be extended by implication.' "

It is true, as defendant points out, that in the limiting provision a tax on the "occupation" of farmer is not specifically excepted and in the authorizing portion

of the section a tax *is* specifically authorized on occupations generally. We do not believe this is sufficient to indicate that the legislature intended to permit an occupation tax on the occupation of farmer or manufacturer in the light of the sweeping provisions of "exception (4)" forbidding the imposition of the tax on "*any* privilege, act or transaction related to the business of manufacturing, the production, preparation or processing of . . . farm products, by manufacturers . . . and by farmers with respect to the goods, articles and products of their own manufacture, production or growth," and in the light of the cases herein cited which found taxes on sales and taxes on net profits to be excise taxes on the privilege of doing business and when the business was manufacturing then found the tax to be improper as being a tax on a "privilege . . . related to the business of manufacturing."

It cannot be questioned that an occupation tax is a tax on the privilege of engaging in the particular occupation taxed: 53 C.J.S., Licenses, §§3, 10 (1948). Neither can it be questioned that the privilege of engaging in the occupation of farming is the sum total of all the privileges related to the production, preparation or processing of farm products by farmers, with respect to the products of their own production or growth.

Mr. Chief Justice Stern, in Fischer v. Pittsburgh, when the decision of the Superior Court was affirmed in our Supreme Court (383 Pa. 138 (1955)), pointed out that this *exception* was not an "*exemption* provision but a limitation of the general authority to tax otherwise conferred." (Italics supplied.)

In Isaly Dairy Co. v. Pittsburgh, 379 Pa. 108 (1954), a tax on the sale of manufactured articles was held improper under the act and under the exception herein considered, because such sale was a

"privilege, act or transaction related to the business of manufacturing."

Our concern then is, since the authorizing clause authorized a tax on "occupations" without limitation and then the excepting clause did not except occupation of *farmer* specifically, what was the legislative intent in this regard? It is the judgment of the chancellor that even though the occupation of farming was not *specifically* excepted, nevertheless, the school district may not, under the Tax Anything Act, tax the occupation of farmer.

The chancellor has here arrived at the same conclusion that Judge Shadle reached in Miller v. York Imperial School District, 23 D. & C. 2d 406 (1960), that is, that a tax on the occupation of farming is a tax on all of the privileges related to the production, preparation or processing of farm products by farmers and, as such, is invalid under the Tax Anything Act.

It has been urged that if the Tax Anything Act were to be interpreted to *exempt* farmers, it would be unconstitutional as violating article IX, sec. 1, of the Constitution of the Commonwealth of Pennsylvania which provides for the unformity of taxation and sets forth the exemptions permitted. But the constitutional requirement is met if the tax is uniform on the same *class* of subjects. The class here is "farmer," and to relieve *all* farmers of this tax is proper: Thompson v. Indiana County, 83 Pa. Superior Ct. 248 (1924). See also Turco Paint & Varnish Co. v. Kalodner, 320 Pa. 421 (1936), particularly page 432. The case of Saulsbury v. Bethlehem Steel Co., 413 Pa. 316 (1964), relied upon by defendants, holds only that *part* of a class may not be excused from payment of an occupational tax, but is not authority for the proposition that the *entire* class of farmers may not be excused.

It has also been urged that laches should here prevent equitable relief, but laches should not be imputed

by the mere passage of time without a showing of prejudice to the person alleging this defense: Schireson v. Shafer, 354 Pa. 458 (1946) : Lutherland, Inc. v. Dahlen, 357 Pa. 143 (1947). No prejudice was shown here.

The Fourth to Eighth Class County Assessment Law of May 21, 1943, P. L. 571, 72 PS §5453.101, in no way authorizes school districts to levy occupation taxes. The only authority in the law for such a tax is the Tax Anything Act and, while it is true that this latter act makes provision for appeal, nevertheless, where a tax is levied without authority of law as distinct from a tax by a *procedurally* improper levy, equity is a proper remedy: Banger's Appeal, 109 Pa. 79 (1885). Indeed, the Fischer case, supra, the Heinz case, supra, Gaugler v. City of Allentown, 410 Pa. 315 (1963), English v. Robinson Twp. School Dist., 358 Pa. 45 (1947), and many of the other cases cited by both parties to this proceeding and referred to herein, all were in equity to restrain the collection of a tax imposed by virtue of the very act in question here.

There is no merit in defendants' contention that the 1961 tax resolution is invalid in its entirety because it was to be effective July 3, 1961, a date less than 30 days after its adoption on June 5, 1961. See Rutherford v. City of Lancaster, 19 D. & C. 2d 89 (1959), and Borough of Brookhaven v. Brookhaven Bowling Lanes, Inc., 50 Del. Co. 160 (1962). The resolution is effective only from the thirtieth day after its enactment. Since both of the resolutions contain severability clauses, the fact that the occupation of farmer cannot validly be taxed will not affect the remainder of the resolutions.

Although the complaint avers that each plaintiff had for the years in question the occupation of farmer, the testimony reveals that only two, Walter B. Gantz and Elmer K. Brandt, had the sole occupation of farmer, while all of the others were either not en-

gaged in farming at all or were engaged in other occupations as well as that of farming. Since it is not clear on what occupations the tax on these plaintiffs was levied, the decision reached here in no way affects their tax liability. It is concluded only that, as far as the resolutions in question impose a tax on the occupation of farming, they are invalid, and the collection of such tax should be enjoined.

## Conclusions of Law

1. This equity court has jurisdiction of the parties and of the subject matter.

2. The resolutions of the Conewago Township School District imposing occupation taxes for the school years July 3, 1961, to July 2, 1962, and July 2, 1962, to June 30, 1963, were enacted under the authority of the Act of June 25, 1947, P. L. 1145, as amended, 53 PS §6851, commonly known as the "Tax Anything Act."

3. The Tax Anything Act does not authorize the imposition of an occupation tax on the occupation of farmer.

4. The exception of the occupation of farmer from the taxable occupations does not violate article IX, secs. 1 and 2, of the Pennsylvania Constitution.

5. Plaintiffs are not guilty of laches.

6. An injunction should issue restraining defendants and their successors from collecting occupation taxes for the years 1961-62 and 1962-63 from Walter B. Gantz and Elmer K. Brandt because their sole occupation is that of farmer.

## Decree Nisi

And now, April 20, 1964, it is hereby ordered, adjudged and decreed that defendants and their successors be, and they hereby are, enjoined and restrained from collecting from Walter B. Gantz and Elmer K. Brandt an occupation tax for the school years July 3,

1961, to July 2, 1962, and July 2, 1962, to June 30, 1963.

The prothonotary is directed to enter this decree nisi and to notify the parties to this proceeding or their counsel forthwith. If no exceptions are filed within 20 days after the entry of this decree, a final decree will be entered.