645 A.2d 431

**FIZZANO BROTHERS, INC., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 13, 1994.

Decided July 5, 1994.

Paul A. Bucco, for petitioner.

Kevin A. Moury, Deputy Atty. Gen., for respondent.

Before COLINS, SMITH, and PELLEGRINI, JJ.

PELLEGRINI, Judge.

Fizzano Brothers, Inc. (Taxpayer) challenges the order of the Board of Finance and Review affirming the Department of Revenue's (Department) determination that certain assets of Taxpayer were not exempt from capital stock taxation.[1]

The parties stipulated to the following relevant facts. Taxpayer is a Pennsylvania corporation engaged in the business of manufacturing concrete products.[2] Taxpayer is entitled to an exemption from the capital stock tax for assets used exclusively for the purpose of manufacturing. To calculate the tax due

1. Section 602(a) of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. § 7602(a), provides:

   Provided, that ... the provisions of this section shall not apply to the taxation of the capital stock of entities organized for manufacturing, processing, research or development purposes, which is invested in and actually and exclusively employed in carrying on manufacturing, processing, research or development within the State, ... but every entity organized for the purpose of manufacturing, processing, research or development shall pay the State tax of the greater of (i) seventy-five dollars ($75) or (ii) the amount computed at the rate of ten mills ... upon such proportion of its capital stock, if any, as may be invested in any property or business not strictly incident or appurtenant to the manufacturing, processing, research or development business,....

   \*     \*     \*     \*     \*     \*

2. Taxpayer is an "S" corporation with a fiscal year beginning April 1 and ending March 31 for purposes of Pennsylvania taxation and the Internal Revenue Code.

for the 1988 fiscal year, Taxpayer used the single taxable assets fraction of which the numerator of the fraction is the taxable assets of the taxpayer and the denominator is the total assets of the taxpayer. 72 P.S. § 1896; 61 Pa.Code § 155.10(c). The resulting decimal equivalent, representing the proportion of taxable assets, is then multiplied by the capital stock value and that value is multiplied by the tax rate resulting in the amount of tax due.[3] 61 Pa.Code § 155.10(f). The value of Taxpayer's assets, $8,425,044, was calculated by averaging the book values of the assets at the beginning and end of the taxable year. 61 Pa.Code § 155.10(e).

In order to determine its manufacturing exemption for its March 31, 1989 tax report, Taxpayer calculated the single taxable assets fraction as having a numerator of $18,573 in taxable assets and a denominator of $2,439,361 in total assets.[4] Upon review and settlement of Taxpayer's tax report, the Department recalculated the single taxable assets fraction giving it a numerator of $577,336 by adding $558,763 to the $18,573 in taxable assets reported by Fizzano.[5] The additional funds represented the minimum monthly balance of Fizzano's time deposits—two certificates of deposit totaling $133,069 and one money market account for $425,694. Fizzano appealed the recalculation to the Board contending these accounts were used exclusively for manufacturing purposes—i.e., payroll, accounts payable and tax payments to the Internal Revenue Service of $160,524.55 on May 15, 1989, for fiscal year 1988 and $458,282.14 on May 15, 1990 for fiscal year 1989.[6]

3. FRACTION × VALUE × TAX RATE = TAX.

4. FRACTION × VALUE × TAX RATE = TAX.

$$\frac{18{,}573}{2{,}439{,}361} \times 8{,}425{,}044 \times .0095 = \$609$$

5. FRACTION × VALUE × TAX RATE = TAX.

$$\frac{577{,}336}{2{,}439{,}361} \times 8{,}425{,}044 \times .0095 = \$18{,}929$$

6. Internal Revenue Code 26 U.S.C. §§ 444 & 7519.

■■■ The Board concluded that when deposits are not used to maintain day-to-day cash flow and are not encumbered for any specific manufacturing purpose, they are not directly related to manufacturing and are not exempt. Because the funds in question were not used to reduce Fizzano's manufacturing liabilities during the tax year at issue, the Board held that they did not qualify for the manufacturing exemption. This appeal followed.[7]

■■■ On appeal, Taxpayer concedes that the value of the certificates of deposit should be included as assets because they were not earmarked for the manufacturing process. However, it contends that the money market account was a flexible account from which liabilities directly related to the manufacturing process were paid, a large portion of which were payments to the Internal Revenue Service for its federal tax debt. Taxpayer contends that the funds in its money market account were reasonably necessary for its day-to-day operations and actually used to reduce its tax debt and other liabilities. According to Taxpayer, in *Fry Communications, Inc. v. Commonwealth,* 61 Pa.Commonwealth Ct. 278, 433 A.2d 601 (1981), we set out two options for taxpayers to exempt funds from taxation, use the funds for capital investments or to reduce federal income tax liability, and eventually the $425,694 minimum balance was used to reduce its federal tax debt.

In *Fry,* the taxpayer sought exemption for $700,000 invested in certificates of deposit during the 1975 tax year. The taxpayer contended these funds were exempt because they were later used for expansion of its physical plant, to purchase equipment and to pay federal taxes. We affirmed the board's disallowance of the exemption explaining that the only funds exempt from taxation were "deposits held in a bank account

7. Appeals to this court from the Board are *de novo,* with no record being certified from the Board. Pa.R.A.P. 1571(f); *Ernest Renda Contracting Company, Inc., v. Commonwealth,* 516 Pa. 325, 532 A.2d 416 (1987). The stipulation of facts submitted by the parties is binding and conclusive upon this court, but we may draw our own conclusions from those facts. *Norris v. Commonwealth,* 155 Pa.Commonwealth Ct. 423, 428–30, 625 A.2d 179, 182 (1993).

for the purposes of carrying on the day-to-day business of the taxpayer by maintaining an adequate cash flow ... '[i]f the amount is no more than reasonably necessary, and the deposit is strictly incident to and employed in the business.'" *Id.* at 282, 433 A.2d at 603 (citing *Commonwealth v. Curtis Publishing Company*, 237 Pa. 333, 85 A. 360 (1912)). Even though the certificates were used for manufacturing purposes after the end of the tax year, we held that they were not exempt because "the funds were not used *during the taxable period* for any purpose directly related to its manufacturing business." *Id.* at 283, 433 A.2d at 603 (citation omitted). We also went on to say that even if they had been set aside for future expansion because the funds were not expended during the tax year, they would not be exempt.

While not specifically framed this way, it appears that the fundamental dispute in this case is whether a cash basis or an accrual basis of accounting [8] is most appropriate for determining which funds are reasonably necessary for day-to-day operations. The Department uses a cash basis of accounting for making this determination. Its policy set forth in Taxing Memorandum No. 109 designates the minimum balance in an account as exceeding the amount needed for day-to-day operations. In determining the minimum monthly balance, the Department considers only expenditures made during the taxable year, regardless of whether there are obligations that the taxpayer has incurred during the tax year but that are paid at a later date. On the other hand, it is Taxpayer's position that its federal tax liabilities should be used to reduce its taxable assets for the tax year in which they are levied

---

**8.** 61 Pa.Code § 101.7(a) provides:

An amount, the privilege which is taxable, shall be considered as received in the year in which it is actually or constructively received unless includable for a different year in accordance with the method of accounting of the taxpayer. Under an accrual method of accounting, income shall be includable in gross income when all the events have occurred which fix the right to receive the income and the amount thereof may be determined with reasonable accuracy. Under the cash receipts and disbursements method of accounting, such an amount shall be includable in gross income when actually or constructively received....

because they are accrued during that tax year. However, once either a cash or accrual system is fully implemented, it results in approximately the same amount of capital stock taxes being paid.

As to what system to use, we have stated that an administrative agency has wide discretion when establishing rules, regulations and standards in administering the laws with which it is charged to enforce. *Wengrezyn v. Cohen,* 92 Pa.Commonwealth Ct. 154, 158, 498 A.2d 61, 62 (1985). The Department's cash basis minimum monthly balance policy assumes that the amount of the minimum monthly balance exceeds the amount necessary for the day-to-day operation of the manufacturer, because the funds necessary for day-to-day operations have been expended reducing the account balance to the minimum. Because either methodology is acceptable under the Code, the Department did not abuse its discretion in not deducting federal tax obligations in the year in which they were levied but not paid.

As in *Fry,* Taxpayer in this case did not use the minimum balance in the money market account to pay its federal tax debt or other liabilities. The fact that Taxpayer used funds from this account to pay its 1988 federal taxes on May 15, 1989, and its 1989 taxes on May 15, 1990, is irrelevant to Taxpayer's capital stock tax liability for the 1988 fiscal year ending on March 31, 1989.[9] Instead, those payments reduced the account balance for the corresponding month and would be exempt from capital stock tax for the fiscal year in which paid.

In addition, the fact that the funds in the money market account were easily accessible is not controlling. Section 602(a) exempts assets "invested in and actually and exclusively employed in carrying on manufacturing" during the taxable year regardless of their accessibility. The critical factor is that the asset be used for a manufacturing purpose during the

9. Even though we hold otherwise, we understand how it can be argued that taxes paid in May of 1989 but incurred for the 1988 fiscal year should be considered exempt from the 1988 capital stock tax. However, Taxpayer fails to explain under what theory taxes paid in May of 1990 for the 1989 fiscal are related to the 1988 capital stock tax.

tax year in question. The tax payments in this case were made by Taxpayer to the Internal Revenue Service after the close of the relevant tax year.

Accordingly, because the minimum monthly balance in the money market account was not used for a manufacturing purpose during the taxable year, the order of the Board is affirmed.

## O R D E R

AND NOW, this 5th day of July, 1994, the order of the Board of Finance and Revenue, No. 6109, is affirmed.

It is further ordered that unless exceptions are filed within thirty (30) days of the Order, the Prothonotary shall enter judgment in favor of the Commonwealth of Pennsylvania and against Fizzano Brothers, Inc., in the amount of $18,929, plus interest, from March 31, 1989.

COLINS, Judge, dissenting.

I must respectfully dissent from the opinion of the majority. The Taxpayer was in the business of manufacturing concrete and concrete block products used predominantly in the construction business. The sale of such products is subject to great seasonal fluctuation. Maintaining such a large balance in the money market account is a reasonably prudent business decision, which allows Taxpayer financial liquidity, so as to continue its manufacturing operation during periods of low sales volume. I further agree with the Taxpayer's position concerning the Federal income tax liability.